NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Mr. DANIEL O. ESCAMILLA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>RICARDO LARA, California Insurance Commissioner and Head of the California Department of Insurance; KIMBERLY KIRCHMEYER, Director of the California Department of Consumer Affairs; DOES, 1-20, inclusive,<br><br>Defendants - Appellees. | No. 24-1816<br><br>D.C. No.<br>8:23-cv-01071-JAK-ADS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted January 30, 2026**

Before: PAEZ, BENNETT, and SUNG, Circuit Judges.

Daniel Escamilla ("Escamilla"), proceeding pro se, appeals the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's dismissal, under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, of his suit for declaratory relief, injunctive relief, and damages, against the California Insurance Commissioner ("Commissioner") and the Director of the California Department of Consumer Affairs ("Director") in their official capacities. Escamilla's suit challenges the legality of Assembly Bill No. 2043, a California statute that requires bail fugitive recovery agents to obtain a professional license with the California Department of Insurance ("CDI") and a $1 million liability insurance policy. *See* 2022 Cal. Legis. Serv. Ch. 768 (West); Cal. Ins. Code §§ 1800(b)(1), 1802(b)(2)(A). It also challenges CDI's failure to grant his application for a license under that statute.

We review a district court's dismissal for failure to state a claim or for lack of jurisdiction de novo. *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007). We may affirm dismissal "on any basis fairly supported by the record." *Id.* While we generally review the denial of leave to amend for abuse of discretion, we review de novo whether amendment of the complaint would be futile. *In re Cloudera, Inc.*, 121 F.4th 1180, 1190 (9th Cir. 2024). We affirm in part and reverse in part.

**1.** The district court properly dismissed Escamilla's Second, Fourth, and Sixth Causes of Action because those claims, as alleged in the First Amended

Complaint ("FAC"), were not ripe.[1] A "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted). Here, the Second, Fourth, and Sixth Causes of Action were premised upon an injury that had not yet occurred: the denial of Escamilla's application for a bail fugitive recovery agent license. This alleged injury was contingent upon two future events that might not have happened: Escamilla filing a completed license application and the Commissioner subsequently denying the application. Because the alleged injury to Escamilla when he filed this suit was speculative rather than actual or imminent, the Second, Fourth, and Sixth Causes of Action were not ripe. *See Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 794 (9th Cir. 2012) (dismissing as unripe claim contingent on harms that might occur but had not yet).

**2.** The district court erred in denying Escamilla leave to amend on the sole basis that "future amendment would be futile." The district court concluded that amendment of the FAC would be futile because Escamilla's "new facts [did] not ripen his claims or provide a factual basis that survives rational basis review."

---

[1] Escamilla does not challenge the district court's dismissal of the First, Third, Fifth, Seventh, and Eighth Causes of Action, so we do not address them. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." (internal quotation marks and citation omitted)).

A district court's denial of leave to amend because of futility of amendment is proper if "it is clear, upon *de novo* review, that the complaint would not be saved by any amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 531 (9th Cir. 2008)). Here, Escamilla's FAC could have been saved by amendment and was therefore not futile.

Escamilla's newly alleged facts ripened his claims. Critically, Escamilla could have amended his complaint to allege that (1) he had obtained a second certificate of insurance that met California's insurance policy requirements, with full disclosure of all relevant information to the insurance broker; (2) he informed CDI of this fact; and (3) CDI nonetheless rejected the second certificate "for the same reason as the previous policy [Escamilla] submitted."[2] These factual allegations appear sufficient to show that Escamilla acquired a second insurance policy that was statutorily compliant and that his license application was complete but was again rejected. So amended, the ripeness issue would be obviated.

Further, at least at the motion to dismiss stage, Escamilla's newly alleged

---

[2] Escamilla notified the Office of the California Attorney General by letter on September 26, 2023 that he had "obtained a second one-million-dollar liability insurance policy" and that this "policy was procured . . . only after making a specific disclosure to the agent that the policy was needed for compliance with California Insurance Code section 1802(b)(2)(A)." Escamilla included with his letter a Certificate of Liability Insurance for this new, valid insurance policy.

facts did provide a factual basis that could survive rational basis review for his claim that CDI has refused to grant his application in retaliation for his constitutionally protected political activity. Escamilla could have amended his complaint to allege that (1) he submitted a valid insurance certificate with his second application, (2) CDI granted tens of other applications with substantially identical certificates, (3) CDI has not granted his application, and (4) CDI "unlawfully compiled an expansive dossier on his protected First Amendment activity." At the very least, the claims could have "possibly be[en] cured by the allegation of other facts." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). It was not "absolutely clear that no amendment" could cure the defect, and the district court should have granted Escamilla, a pro se litigant, leave to amend. *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015).

Accordingly, the district court's dismissal of Escamilla's claims under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for the district court to grant leave to amend. The parties shall bear their own costs for this appeal.